

05-CV-05376-CMP

_____ :: ED _____ LODGED
_____ RECEIVED

MAY 20 2009

CLERK U.S. DISTRICT COURT
'TERN DISTRICT OF WASHINGTON AT TACOMA
';'._____ DEPUTY

THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| MR. DARNELL McGARY, | CASE NO.CO5-5376RBL |
| Plaintiff, | **CIVIL RIGHTS COMPLAINT** |
| vs. | **TITLE 42 U.S.C 1981** |
| | **TITLE 42 U.S.C 1983** |
| MR. STEVE GREGORICH, DR. HENRY | **TITLE 42 U.S.C 1985(3)** |
| RICHARDS, DR. MARK McCLUNG, DR. | **TITLE 42 U.S.C 1997 ET SEQ.** |
| LESLIE SZIEBERT, MS. VICTORIA | **SUPPLEMENTAL AND PENDENT** |
| ROBERTS, MS. KIM ACKER, AND MR. | **JURISDICTION UNDER 28 U.S.C** |
| KIETH BARNES and DR. BRIAN JUDD. | **1367(A)** |
| Defendant(s) | **FIRST AMENDED COMPLAINT** |

## I. <u>CIVIL RIGHTS ACTION WITH JURY DEMAND</u>

This is the FIRST AMENDED civil rights complaint brought by Plaintiff Darnell McGary, pro-se, who is currently housed in a Washington States Department of Social and Health Services treatment facility, pursuant to orders of detention/commitment, issued by a Washington State Superior Court, for control, care, and treatment. The aforesaid facility is located on McNeil Island, with a Washington State mainline prison facility. Plaintiff is not a prison inmate in the traditional application of the term, nor is Plaintiff serving sentences imposed by a court upon conviction of a criminal offense.

Mr. Darnell McGary
P.O Box 88600
Steilacoom Wa
98388

(1.2). At all times relevant to this complaint, the above named Defendants have acted with wanton, callous, disregard, and deliberate indifference for Plaintiffs well established fundamental constitutional rights, immunities, and privileges, and have so acted in bad faith, and have conspired to deprive Plaintiff of his rights secured under the constitution of the United States, and have done so under the color of state law pursuant to orders of detention/commitment, issued by a Washington State Superior Court, for treatment and confinement. The aforesaid facilities are (SCC) Special Commitment Center and (SCTF) Secure Community Transition facility, located in Steilacoom Washington. A Washington State Treatment facility.

(1.3). At all times relevant to this complaint, the above named Defendants have acted with wanton, callous, disregard, and deliberate indifference for Plaintiffs well established fundamental constitutional rights, immunities, and privileges, and have so acted in bad faith, and have conspired to deprive Plaintiff of his rights secured under the constitution of the United States, and have done so under color of State law.

(1.4). Plaintiff seeks both preliminary and permanent injunctive relief, declaratory, judgment and unspecified damages, costs and attorney fees pursuant to 42 U.S.C 1988, as set forth within section Eight of this complaint. Plaintiff also enters his demand for trial by jury.

## II. JURISDICTION

(2.1). Plaintiffs cause of action and claims for relief are filed under the authority established within Title 42 U.S.C 1981, Title 42 U.S.C 1983, Title 42 U.S.C 1985(3), and 42 U.S.C 1997 et seq., Plaintiff also seeks to invoke the Supplemental and Pendents Jurisdiction of this court, pursuant to 28 U.S.C 1376(a), regarding claims of violations of Washington Statutory law, to redress injuries suffered by Plaintiff, and deprivation of rights, privileges, and immunities under color of State law, but not limited thereto.

Mr. Darnell McGary
P.O Box 88600
Steilacoom Wa
98388

(2.2). Those rights secured under the Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution, but not limited thereto. Including criminal and civil conspiracy to deprive Plaintiff of Due Process and Equal Protection of the law, and privacy rights.

(2.3). Further, this jurisdiction over each claim and the authority to grant relief as deemed appropriate to correct the various violations committed, under section II, Article III, of the United States Constitution.

(2.4). All claims arise directly under the Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments of the United States Constitution an the amount in controversy exceeds seventy five thousand per each named individual as defendants.

(2.5). Accordingly, jurisdiction of this court is invoked pursuant to 28 U.S.C 1331 and 1343(1), (3), and (4) and 28 U.S.C 2241. Additionally, Plaintiff seeks to invoke the Supplemental and Pendants Jurisdiction of this court for all violations of Washington State statutory law, and official policies, as the violations arise from the same nucleus of conduct which has violated federally protected rights of Plaintiffs, and the laws of the United States;

(2.6). Plaintiffs First and Second claims are so related that both claims form part of the same case of controversy under Article III of the United States Constitution, as hereinafter more fully appears.

## III. VENUE

(3.1). Pursuant to, and in accordance with 28 U.S.C 1391(a), venue is proper. Both Plaintiff and all named Defendants herein, reside within the geographical jurisdiction of the above entitled Court, coupled with all allegations of volatile conduct of Plaintiffs federally protected rights, and

First Amended Complaint
Page 3 of 22

Mr. Darnell McGary
P.O Box 88600
Steilacoom Wa
98388

1  the statutory laws of the United States, and the State of Washington did so occur within the same
2  geographical jurisdiction of this Court.

## IV. PARTIES

(4.1). Plaintiffs is committed to the Department of Social and Health Services pursuant to RCW 71.09.025, 030, 060, and is presently confined at the Special Commitment Center.

(4.2). Defendant Mr. Steve Gregorich is employed by the Pierce County Prosecutors office, and is responsible for prosecuting referrals under RCW 71.09, and fabricated evidence related to the RCW 71.09 proceeding, further Defendant Gregorich is continuously violating my rights under Department of Correction policy 380.370. And was aware of the conditions at the center when he filed the petition as being unconstitutional.

(4.3). Defendant Dr. Henry Richard, is employed by the Department of Social and Health Services, and is SCC and SCTF superintendent (formerly), and is responsible for Plaintiffs care, treatment and safety. Dr. Richards is defiant in his responsibilities. Plaintiffs life is in mental and physical danger and lives on racial units, which causes him to suffer further sensory deprivation. Dr. Richards has caused Plaintiff irreparable injury. Dr. Richards issued a memorandum on July 20, 2005 surrounding inappropriate behavior (homosexual) being directed toward Plaintiff but took no action.

(4.4). Defendant(s) Dr. Mark McClung is in private practice and supervises Defendant Dr. Leslie Sziebert, both are responsible for the Plaintiffs care and treatment. Dr. Mark McClung was Plaintiffs sex offender treatment provider while at the SCTF, and was at all times responsible for Dr. Sziebert as a probationary measure during Plaintiffs care and treatment.

(4.5). Defendant Ms. Kim Acker is employed by the Department of Corrections an is responsible for the RCW 71.09 et seq. referrals to the Prosecuting Attorney's Office, she is not a police

First Amended Complaint
Page 4 of 22

Mr. Darnell McGary
P.O Box 88600
Steilacoom Wa
98388

officer but a agent with <u>good faith immunity</u>, in which the prosecutor acts as a witness based on the referral information. Further, Ms. Acker is a member of the Resident Community Transition Team (RCTT) giving the Department of Correction full power after a inmates release and probation period has expired. See DOC 380.370

(4.6). Defendant Ms. Victoria Roberts is employed by the Department of Corrections, and is responsible for the end of sentence review also, seeking candidates for RCW 71.09, she is also covered for <u>good faith immunity</u> as the prosecutor acts as a witness to and seeks certification for determination of probable cause and a arrest warrant to reconfine the individual as a SVP per RCW 71.09 at her request.

(4.7). Defendant Mr. Keith Barnes is employed as a Pierce County Sheriff and is in charge of sex offender registration, and oversees the community transition meetings irregularly here at the SCC during the time Plaintiff was transitioning to the (LRA) less restrictive alternative, located here in Pierce County. Mr. Barnes went over conditions and arrangements at the LRA. Also, Mr. Barnes has registered Plaintiff twice once during my stay at Western State Hospital where the crime pattern was erroneous, and the second time during the transition period directly after being a (guest) at the community meeting. Mr. Barnes is responsible for notification also.

(4.8). Defendant Dr. Brian Judd is a sex offender treatment provider and was in contact with the Plaintiff as one of his SOTP, Dr. Judd is a conspirator in this complaint and has callously violated my constitutional rights in a conspiracy to return the Plaintiff back to SCC based on erroneous information, and the revolving door policy of the RCTT he is also a member of that coalition.

(4.9). All Defendants are sued in their personal, official and individual capacities as being responsible for the care or supervision of the Plaintiff while at the SCTF or the SCC and failed to protect the Plaintiff while having direct supervision .Defendants further placed Plaintiff in

First Amended Complaint
Page 5 of 22

Mr. Darnell McGary
P.O Box 88600
Steilacoom Wa
98388

potentially hazardous situations with Department of Corrections and Special Commitment Center detainees.

## V. CLAIMS

(5.1). Plaintiff Darnell McGary, alleges that during his detention and/or confinement at the SCTF/SCC (Secure Community Transition Facility, and Special Commitment Ctr.). Defendants deprived him of his Federal constitutional and statutory rights by the conditions of his confinement, by failing the sustain an environment conducive to treatment and which would make injury by sensory deprivation unlikely and/or cause and contribute to self degeneration, using the Resident Community Transition team (RCTT hereinafter) comprised of Department of Corrections decision makers (Plaintiff cannot raise a Expost Facto concern at this time under a civil rights complaint but is raising substantive and procedural due process concerns.

(5.2). Plaintiff Darnell McGary, alleges during his stay at the Secure Community Transition facility, where he arrived by court order on September 7, 2004, he was subject to unconstitutional conditions of confinement. Plaintiff begin looking for a job shorty upon arriving and was hired by UPS (United Parcel Service) after being turned down by several employers, however, Plaintiff was later turned down after the employer talked to a member of the transition team Mr. Dennis Pickett, and was informed of the escort procedures, and the disclosure to other employees. These procedures are a violation of equal protection of the law, since Plaintiffs history discloses only Anti-Social Personality Disorder, and for nine months Plaintiff was in another DSHS facility (Western State Hospital) without being subject of non-authentic conditions. Department of Correction Policy (380.370(IV)(A)(1),(2),(3).

(5.3). Other employers wouldn't hire because I was ordered not to possess a driver's license, and the status of being a sexually violent predator. This paragraph hits with the same force and effect as paragraph (5.2) as fully set forth herein.

Mr. Darnell McGary
P.O Box 88600
Steilacoom Wa
98388

1 (5.4). Plaintiff Darnell McGary opened a bank account with the money he saved from working in
2 the kitchen at the SCC (Special Commitment Center), before I came out to the SCTF (LRA). The
3 money is now gone an I am broke due to lack of job. Plaintiff declares he has no way to support
4 hisself out at the SCTF house. Because Plaintiff suffers from Anti-Social Personality Disorder he
5 is subject to social stigma and lifetime DOC control. Plaintiff alleges this violates Equal
6 Protection and Due Process concerns, since forty to sixty percent of the prison (DOC) inmates
7 release without being labeled a sexually violent predator, and suffer from this ailment.

8

9 (5.4). Plaintiff Darnell McGary, alleges while being escorted in the community escort staff signal
10 patrons to watch out as Plaintiff was coming, this is not coordinated with Plaintiff and is done as
11 they walk behind Plaintiff to his destination. Plaintiff alleges that Anti-Social Personality
12 disorder is not a mental illness and as such should not cause Plaintiff to not be mobile in the
13 public. Plaintiff alleges that due to the taking of prescription psychotropic medication which
14 Western State Hospital started, Plaintiff was involuntarily taking at separate times (Trilafon),
15 (Zyprexa), and (Risperadone) for a uncertain psychotic disorder without a Harper hearing and
16 that he now suffers from dyskinesia a movement disturbance induced by medication.

17

18 (5.5). Plaintiff alleges Defendants agree that Plaintiff alleged Schizophrenia Paraniod type is the
19 product of organic development after the age of twenty four, and not part of his ten month period
20 in which he committed three acts involving burglary rape and robbery at age seventeen and
21 eighteen. Therefore this disorder is not the product of any thought pattern making Plaintiff a
22 danger to women under the SVP statute (Paragraph 5.4 incorporates with the same force and
23 effect as set forth herein.) Plaintiff alleges that patients with Schizophrenia should be cared for in
24 the least restrictive setting likely to be safe and to allow for effective treatment. The psychiatrist
25 should weigh the risks and the benefits of different settings on the basis of an evaluation of the
26 condition of the patient, the need for particular treatments, family functioning, social supports,
27 the preferences of the patient and family, and treatment resources that are available in the
28 community. (These two paragraphs are not barred by Heck v. Humphrey due to the fact Plaintiff

First Amended Complaint
Page 7 of 22

Mr. Darnell McGary
P.O Box 88600
Steilacoom Wa
98388

is not arguing the invalidity of his confinement only conditions of confinement as they relate to inadequately trained staff, and individualized treatment.

(5.6). Plaintiff alleges Dr. Brian Judd, and Dr. Mark McClung were the primary providers in the community for treatment, and when I see Dr. Judd in the community he doesn't want me to acknowledge him, due to his not wanting to be identified in the community. Example: Plaintiff goes to treatment in Olympia, at his office, there is a coffee shop in there that is separate, in witch Plaintiff goes to get coffee. Plaintiff went down separately with an escort after my one on one session with Dr. Judd, who came in later (Dr. Judd is also a member picked by SCC by the SCTF to be on the joint forensic committee and RCTT). Plaintiff acknowledge Dr. Judd while inside the coffee shop, and he responded to Plaintiff. However, when Plaintiff got back up to his office he scolded Plaintiff saying the building does not know who I am as far as treating Sex Predators, and he does not want them to find out "therefore if Plaintiff addresses him publicly he will not respond. Plaintiff alleges this attitude resulted in a non-therapeutic environment for the Plaintiff and was cruel and unusual punishment, it further violated Due Process.

(5.7). Plaintiff alleges during transport he is forbidden from sitting in any area of the ferry except for the hull, where there is no windows or people to talk to during the boat ride. Again, Plaintiff alleges this is cruel and unusual punishment. And that since Plaintiff is committed under RCW 71.09 instead of RCW 71.05 his community alliance is scrutinized to the point of it being baseless and overburden some based on the purpose of community re-integration. Plaintiff alleges this due to Defendants Dr. Mark McClung retaining the Plaintiff under these conditions based on the diagnosis of Paranoid Schizophrenia. (Plaintiff incorporates paragraph 5.6 as though fully set forth herein.)

(5.8). Plaintiff alleges he cannot enter into a romantic relationship without the consent of the treatment team (RCTT). However, they will not give Plaintiff a chance to engage in a consensual relationship based on the above criteria for RCW 71.09 et seq. although this statute specifically

Mr. Darnell McGary
P.O Box 88600
Steilacoom Wa
98388

refers to individualized treatment. (Plaintiff incorporates paragraphs 5.4 and 5.5 as though fully set forth herein.)

(5.9). Plaintiff cannot go to Burger King or McDonalds due to the fact there is kids there, and playlands. Again, Plaintiff alleges this procedure is not based on individual treatment as recognized in RCW 71.09, Plaintiff realizes that the conditions of confinement must bear some reasonable purpose to which one is committed. (Plaintiff alleges though this may be true he now incorporates paragraphs 5.1, 5.4 and 5.5 as though fully set forth herin.)

(5.10). Plaintiff alleges the SCTF uses police like procedure, referencing you cannot get out of the car until staff gets out first, and you have to sit in the back seat of a marked car everywhere you go, further they are not seeing how well you do in the community. Instead they are policing the area. Plaintiff alleges this makes reintegration impossible and is not individualized since Plaintiff treatment should be tailored around how he did at Western State Hospital on his community outings.

(5.11). Plaintiff alleges SCTF staff members on several occasions offered their disrespect in a unofficial way by making statements to the effect "you can fuck this dick, and not only do you want my advice but my conversation too: Plaintiff alleges this is none therapeutic and cruel and unusual punishment.

(5.12). Plaintiff alleges during his stay at the SCTF house a female staff member who had lied about her credentials propositioned Plaintiff by saying in the van coming back from the McNeil Island dock "we should fuck" I ask her to turn up the music so Plaintiff wouldn't here her mumbled suggestions. However, when Plaintiff reported the incident to a RCTT member my female escorts were taken, and after my voluntary return to the SCC, the female staff was infact put on administrative leave and another resident was violated pending investigation of the Staff member, having sexual relations with the resident and lying about her credentials, further,

First Amended Complaint
Page 9 of 22

Mr. Darnell McGary
P.O Box 88600
Steilacoom Wa
98388

changing and altering escort trips to specific locations. Plaintiff alleges his mental health diagnosis was called into question based on this reported incident without investigation and that Defendant McClung opt to boost Plaintiffs medication.

(5.13). Plaintiff alleges he went to the Tacoma office for treatment with Dennis Gallogos, and that down the street there is a restaurant called the hal of sub., Mr. Gallogos asked Plaintiff if the food was any good and Plaintiff affirmed. After treatment with my provider and upon arriving at the dock for transport, Plaintiff begain to attempt at conversation with Mr. Gallegos and I ask if the food was good and he stated "not only do you want my conversation but also my advice. Mr. Gallegos is trained by the RCTT committee.

(5.14). Plaintiff alleges he was going home to my fathers house in Tacoma, with Mr. Hardy and we were talking and Plaintiff mentioned 'we" and he stated enough of this "we" you can fuck this dick. Plaintiff alleges this was also cruel and unusual punishment, further these allegations in each and every paragraph effected Plaintiffs treatment and mental illness.

(5.15). Plaintiff alleges he was being caught in a conspiracy by the RCTT team including Ms. Acker and Ms. Roberts who are responsible for Plaintiffs conditions of confinement. Further, both Defendants authorized Plaintiff to be involuntarily medicated by ordering it in his conditions of confinement. (DOC Preliminary Investigation), on February 11, 2005 Plaintiff had a status conference regarding my LRA status, Plaintiff typed his own affidavit and filed it with the Superior Court with Judge Ronald Culpepper. My attorney (who discusses with the RCTT team) objected and recommended that Plaintiff be violated. However, the Judge gave Plaintiff a conditions of confinement hearing in May of 2005. Plaintiff alleges a violation of Due Process.

(5.16). Plaintiff alleges he went to treatment in Olympia, with Dr. Judd a alternative from Tacoma for group therapy as mentioned there is a coffee shop there and a lady runs it. Plaintiff has established a repiore with her, and she will acknowledge Plaintiff by his first name. After

First Amended Complaint
Page 10 of 22

Mr. Darnell McGary
P.O Box 8860
Steilacoom Wa
98388

treatment with Dr. Judd Plaintiff went down to the coffee shop with him after we resolved the first issue at the Court hearing.

(5.17). Plaintiff alleges he told his escort Mr. Gallegos that he was going down to the coffee shop with Dr. Judd since he is a member of RCTT. Dr. Judd, another member and I went down to the coffee shop and upon entering there were three women already there so we stood back and waited for them ot get there service, in the interim a young male came in behind Plaintiff so I moved to get out of the way and then he crowded Plaintiff again so I moved over the other way, at that time Plaintiff notice that Mr. Gallegos was in the coffee shop observing, so I look to Dr. Judd who was blocking the entrance to go behind the coffee shop counter where the women was at, the lady asked why there was so many people in the shop at that time and a member of the group stated because Plaintiff is in crisis. When we got back to Dr. Judd office Plaintiff confronted him about blocking the entrance and he denied the issue all the way around therefore Plaintiff became Paranoid. The SCC/SCTF has e-mailed certain individuals with the notion to transition individuals to LRA status and them violate them for a period of time and then return them back to LRA status to justify their program. This is a violation of Procedural Due Process and cruel and unusual punishment a violation of my constitutional rights committed by RCTT or where the RCTT failed to intervene.

(5.18). Plaintiff alleges he came back to the Island on the 6:15 boat, upon arriving on the McNeil Island side, their was about (11 Department of Corrections) inmates at the dock. Plaintiff alleges when he passed them they stated "I wish a rape would look at me". Members of the RCTT team were aware of the dislike between Department of Corrections inmates/staff directed at SCC/SCTF house residents through documentation, and direct knowledge. Plaintiff got in the SCC van and noticed the DOC van there with two corrections officers inside. This incident could have resulted in the Plaintiff being jumped, SCC is aware that DOC inmates and SCC residents are to be kept separate, further they begin to argue with my escort as Plaintiff was driving off in a angry tone. During this time there is never this amount of inmates at the dock.

Mr. Darnell McGary
P.O Box 88600
Steilacoom Wa
98388

(5.19). Plaintiff alleges the next day he went home to his dads in Spanaway, and while standing on the back porch someone yelled "Darnell you're a predator" and when Plaintiff left the neighbor at the end of the street told Plaintiff "no your still a rapo." Defendant Keith Barnes is the individual involved with community notification. And in the past there has been citizens harassing and even murdering sex offenders in the community. Defendant Barnes even meets with the RCTT team to discuss community reintegration of SVP's back into the community. Plaintiff alleges also aside from this that Keith Barnes erroneously registered him in the past using false criminal history. Defendant Barnes and members of the RCTT team notified each and every member of the neighborhood of the Plaintiff return to that block probably with erroneous information. Plaintiff will not know the extent of the violation until discovery and depositions of all Defendants. However, the registration act as applied by Defendants is cruel and unusual punishment.

(5.20). Plaintiff alleges he took the barge back to the island at 4:30 pm, when my escort and I reached the side of the Island a Caucasian inmate stepped in front of the van and made a sexual provocative gesture (sexual) and smiled. My escort stopped and asked if there was another barge leaving the Island, the inmate stated yea. "Watch him his life is in danger at the dock". Plaintiff alleges again the RCTT knew of the dislike of the residents by the DOC Correction Department and their inmates. As they refer to us as "Rapos" and the vehicles were transported in are called the rape mobiles. Plaintiff does not have to wait for violence to erupt before he files a constitutional claim of cruel and unusual punishment against Defendants. The members of the RCTT are responsible for Plaintiff care and treatment.

(5.21). Plaintiff alleges during his stay at the SCTF Dr. Mark McClung visited Plaintiff one time and never attended any RCTT meetings hosted by the Department of Corrections. Also, Defendant McClung caused a near fatal hazard to the Plaintiff by switching Plaintiff to at various times several different atypical anti-psychotic medications. The cause of this was that Plaintiff

Mr. Darnell McClary
P.O Box 88600
Steilacoom Wa
98388

suffered from mild heart palpitations, and was speed boated off McNeil Island to a nearby hospital for possible treatment. Defendant McClung knew or should of know that Plaintiff was developing neuroleptic malignant syndrome a rare but deadly side affect of atypical medications, and cardiac dysfunction is one of the symptoms along with fever. Instead, Dr. McClung wrote a letter stating that my symptoms indicted <u>SLEEP APNEA</u>. Plaintiff alleges medical negligence on the part of Dr. McClung.

(5.22). Plaintiff alleges as a result of this build-up he had a decompensation (emotional breakdown) earlier that morning and decided to return to the SCC, Plaintiff discussed this with my attorney and a member of the RCTT the object of return to the SCC, we however, decided Plaintiff should stay out their at the SCTF, via contract, in the interim Plaintiff was discussing with Mary Bond the circumstances of my commitment and a inmate up in the recycling shed (belonging to Department of Correction) stated "your not going anywhere with little white" Plaintiff doesn't know what he was taking about, but the interference by Department of Corrections failure to supervise there inmates contributed to Plaintiffs return. Plaintiff alleges this resulted in cruel and unusual punishment.

(5.23). Plaintiff alleges he took a week off then decided to return to the SCC voluntarily on March 11, 2005, after one last trip into the community. Several days later Plaintiff was moved to Redwood after placement in Cedar, and everything was quiet, until the second night Plaintiff was there somebody from the administration side of Redwood yelled "shut up snitch" I'm sure it was a DOC inmate. However, it was possibly the same inmate from the barge, and this was the last part of his delusion, and Plaintiff felt that there was a different plot to the objective as a whole, Which is one of the reasons Plaintiff returned to the SCC. Plaintiff alleges he is uncertain just who made the allegation but is sure it stemmed from his complaint about the SCTF. Plaintiff alleges cruel and unusual punishment at the hands of the RCTT

First Amended Complaint
Page 13 of 22

Mr. Darnell McGary
P.O Box 88600
Steilacoom Wa
98388

(5.24). Plaintiff alleges the next day Plaintiff was outside around eight in the morning by the weights when a DOC inmate came by driving a SCC vehicle and yelled I decided your not the only rapo I want. Associate Superintendent Rick Ramseth and Kevin Trotter (both have been removed since the incident for criminal activity that is not associated with this incident) were by the security building and could over hear the inmate. Nothing was done to my knowledge. The inmate was in a SCC vehicle (the blue truck).

(5.25). Plaintiff alleges here on the SCC compound where Department of Correction has used minimum custody inmates to do minor chores inside the Total Confinement facility of SCC they communicate with the SCC residents and Plaintiff believes this is all designed to help Plaintiff get into some trouble where he loses his phase status. Plaintiff alleges DOC inmates frequent this compound and appear to get along with other residents just fine. The influence of the activity is focused on Plaintiff. Plaintiff alleges on his way to breakfast he was yelled at from the supply building behind this facility by a DOC inmate, who said "don't even look up here tree jumper", even though I was looking at Dogwood another living unit. SCC security Andrea Brown was present and no action was taken.

(5.26) Plaintiff alleges he came back to the SCC from the SCTF house voluntary due to the allegations brought about in this complaint, the emotional breakdown and negative influences at the SCTF house. Plaintiff alleges he retained his level 5 and phase 6 status, it was readily apparent that residents and staff wanted Plaintiffs custody took and to be treated involuntarily psychiatrically . Plaintiff alleges that per Washington v. Harper this could have been a violation of Due Process, and Cruel and Unusual Punishment, and that the problem could arise again in the future due to the presence of corrupt staff, smuggling pornography, hard grain alcohol, and street drugs into the facility. Which makes the treatment inadequate and trust and repiore obsolete.

Mr. Darnell McGary
P.O Box 88600
Steilacoom Wa
98388

(5.27). Plaintiff alleges residents and staff of Redwood were saying cruel and unusual things, and making sexual remarks, Plaintiff alleges this was also part of the sensory deprivation done to promote a suicide attempt or decomp the Plaintiff to the point Defendant Dr. Leslie Sziebert could get a win under policy 862 for involuntary medication. Plaintiff alleges cruel and unusual punishment. As spelled out later in the complaint Plaintiff did prevail at the hearing that did take place, however, is still continued on narcoleptics as a condition of living in minimum housing, however the atyicals.

(5.28). Plaintiff alleges he was a low management resident, and still retaining level five and phase six status, however, the head of the security team and clinical on advice of Dr. Sziebet and Dr. McClung both Defendants (Dr. Leslie Sziebert is not a member of the RCTT) moved the Plaintiff to a "high management, none treatment, special need unit while admittedly not alleging any behavior problem whatsoever. Plaintiff was placed in a segregation type cell housing "wet cell" toilet inside. Plaintiff alleges he was being provoked so that the clinical staff have a reason to demote Plaintiff in phase status and level. Plaintiff alleges there was sexual content coming from Plaintiff asserts the vent above my housing cell. Plaintiff alleges this is designed to give Plaintiff an erection, sexual dysfunction, or cause masturbation. Plaintiff alleges cruel and unusual punishment, and due process violations.

(5.29). On April 13, 2005, Plaintiff was served a involuntary medication notice by RRC John Lewis, and Al Nerio, it was written by Dr. Leslie Sziebert, stating Plaintiff was a chronic schizophrenic and suggesting a medication previously referred to Zyprexa. Defendant Sziebert was indicated that Plaintiff had not taken medication since 3.17.2005 among other things. Defendant Sziebert also noted potential side effects namely: Weight Gain, Metabolic Syndrome, Tardive dyskinesia . Plaintiff alleges he has already discussed an experienced these symptoms and Defendants Sziebert and McClung were aware. Plaintiff did win the involuntary medication hearing  based on competence and the dangerousness prong of policy 862. Plaintiff alleges

Mr. Darnell McGary
P.O Box 88600
Steilacoom Wa
98388

continuous harassment by members of clinical, security and Defendants through the form of sensory deprivation.

(5.30). Plaintiff alleges present at the involuntary medication hearing were Plaintiff head counsel F. McNamara Jardine, Dr. Bruce Gage (Western State Hospital), Al McGlaughlin, head of treatment and care, Mark Seli, psychologist, Becky Denny, legal coordinator, Dr. Leslie Sziebert, psychiatrist and RRC 3's along with Dr. Richard Stokes, psychologist. Plaintiff's attorney asked three questions regarding Plaintiffs health: (1). Has the client acted out since his return to SCC, Defendants answered "NO" (2). Has the client met criteria for grave disability at this time, Defendants namely Dr. Sziebert answered "NO" and has he tried to harm himself or others since his return, Defendants answered "NO". Plaintiff alleges Dr. Stokes question posed to Dr. Sziebert was he answers the question surrounding his claims which is how long does it take to decompensate, Dr. Sziebert answered within three years or sooner. Plaintiff alleges Dr. Sziebert was and is currently using sensory deprivation to decompensate Plaintiff. Plaintiff alleges this is cruel and unusual punishment, and a violation of Due Process.

(5.31). Plaintiff alleges further that since he has been hear he has filed grievances against staff, abuse complaints against staff and residents which are acknowledged but nothing is done, these incident reports date back to July 20, 2005, where Defendant Henry Richards (a member of the RCTT) expressed concern regarding the Gay Coalition and how it distressed Plaintiff and that he felt that individuals were behaving inappropriately toward Plaintiff. Plaintiff was made sure his complaints were taken very seriously and that there was an attempt to resolve them. Plaintiff alleges deliberate indifference and failure to keep Plaintiff safe from harm based on gender conflicts and (treatment orientation).

(5.32). Plaintiff alleges he filed another letter of abuse (racial animus) directed toward him by staff/residents. Plaintiff alleges that Ms. Cathi Harris responded to the complaint by stating they are aware residents may be using inappropriate language toward the Plaintiff but since it is not

First Amended Complaint
Page 16 of 22

Mr. Darnell McGary
P.O Box 88600
Steilacoom Wa
98388

staff it does not constitute staff abuse per SCC policy. Plaintiff alleges not only do staff call him inappropriate names they preach supremacy inadvertently here at the SCC, and they fail to protect against resident on resident abuse. Plaintiff alleges this is sensory deprivation, non-therapeutic, cruel and unusual punishment. Plaintiff further alleges that Dr. Henry Richards has and/or had direct knowledge this is taking place through direct knowledge or through administrative avenues.

(5.33). Plaintiff alleges that on 1.28.08 while living in Redwood where he has been place for being medication compliant, he was accused of spitting on a Caucasians resident while in the dining facility. Plaintiff was issued a Treatment Plan Addendum (TPA) stating: Mr. McGary was witnessed by other residents in the dining facility that he spit on resident 490298. Plaintiff alleges he was restricted to the unit until further notice and investigation. Plaintiff alleges at the conclusion of the investigation it was found out that the residents involved had rehearsed the incidents and went to security staff and told them in sequence that Plaintiff was off his medication and that there was no evidence that Plaintiff had spit on the resident. Plaintiff alleges this was all done to cover that fact that SR was calling Plaintiff racially discriminative names such as "NIGGER". Plaintiff alleges he lost three days pay from maintenance for the alleged incident, and that since staff failed to act sooner an prevent the racial atmosphere on the compound (resident conspiracy to discriminate) they were deliberately indifferent to Plaintiffs care and treatment. Plaintiff alleges none of the residents were punished for the incident and that SR's petition was dismissed.

(5.34). Plaintiff alleges all members of the (Community Correction Office, Ms. Victoria Roberts(My referral Agent), Ms. Kim Acker, Dr. Brian Judd, Mr. Dennis Pickett, and the End of Sentence Review Committee. Have violated my constitutional rights by violating due process standards, and being cruel and unusual in what would amount to the form of punishment. Plaintiff alleges he had no community placement, no community supervision and further only one year of probation for these offenses. Plaintiff alleges Department of Corrections should have

Mr. Darnell McGary
P.O Box 88600
Steilacoom Wa
98388

no role in caring for the Plaintiff or supervising him after his release. (This is not barred by heck due to the fact Plaintiffs sentence was invalidated in 1998, however, DOC supervision is continuous. Plaintiff alleges the RCTT team issues DOC 07-023 (Registration Notification), DOC 07-024 (Conditions, Requirements, and Instructions).

(5.35). Plaintiff alleges Defendant Steve Gregorich or PIERCE COUNTY PROSECUTORS OFFICE is possibly not a member of the RCTT team, however, Plaintiff alleges that two members of the Department of Corrections Defendants Ms. Acker and Ms. Roberts were responsible for Plaintiffs referral by review criteria and requesting a formal evaluation compounding the information and supplying it to Defendant Steve Gregorich for determination of SVP status.

(5.36). Plaintiff alleges paragraph 5.35 (with the same force and effect as though set forth herein) that Defendant Steve Gregorich acted as a witness in attesting to the End of Sentence Review Committee's findings, without a independent psychologist to affirm the current diagnosis, and fabricated the criminal history distinct from the pre-sentence investigation. Plaintiff further alleges Defendant Steve Gregorich acts are continuous in nature by constantly condoning and being involved in the annual review process that has other defendants input, and in accordance with policy DOC 380.370(4)(d)(1)(2)(3), and (4). Plaintiff alleges based on the RCTT committees findings he was committed to the Department of Social and Health Services and therefore is still a Department of Corrections inmate, and this violates due process.

## VI. FACTUAL BASIS

(6.1). The United States Supreme Court has condoned the use of Civil Commitment statutes as authorization to contain a small but dangerous group of perpetrators commonly known for their recidivism. Kansas v. Hendricks, 521 US___138 L.Ed 2d 501, 117 S. Ct. (1997); according to the court the Acts currently do not establish criminal proceedings, and involuntary confinement

First Amended Complaint
Page 18 of 22

Mr. Darnell McGary
P.O Box 88600
Steilacoom Wa
98388

under it is not punishment. The categorization of a particular proceeding as civil or criminal is a question of statutory construction. Allen v. Illinois, 478 US 364, 368, 92 L.Ed 2d 296, 106, S. Ct at 2988; nothing on the face of the Act suggest that the Kansas legislature sought to create anything other than a civil commitment scheme. That manifest intent will be rejected only if Hendricks provides the clearest proof that the scheme is so punitive in purpose or effect as to negate Kansas intention to deem it civil. United States v. Ward, 448 US,242, 248-49, 65 L.Ed 2d 742, 100 S. Ct. 2636, in the State of Kansas this heavy burden could not be established or the legislative intent had not been established. However, in the founding State of Washington the Statute tormented and severely caused suffering and irreparable harm amongst it's detainees. Though Washington and Kansas may have similar statutes the challenges have arrived at somewhat different conclusions when facing constitutional challenges. In 1994, Petitioner Young filed a writ of habeas corpus pursuant to 28 U.S.C 2254 against the SCC, challenging the constitutionality of the Act and claiming his confinement was illegal. The District court granted the writ and found that the Act violated substantive due process, that the Act was punitive, and that it violated the double jeopardy and expost facto provisions of the constitution. Young v. Weston, 898 F. Supp. 744 (W.D. Wash. 1995) (Young I); the SCC appealed to the Ninth Circuit. While the appeal was pending, the Supreme Court held in Kansas v. Hendricks, that the Kansas Sexually Violent Predator Act facially met the requirements of substantive due process, was non-punitive, and therefore did not violate the double jeopardy and ex post facto provisions of the constitutions. It seems that the Supreme Court issued its ruling in Hendricks in bad faith or without viewing all the pertinent facts and requirements for the statute to be non-punitive and free of the non-punitive stigma which give rise to the double jeopardy clause. For over a decade the SCC operated under Federal oversight as a result of injunctions issued by the United States District Court in Seattle. In 1991 only a year after SCC had opened the court found conditions of confinement unconstitutional and found mental health treatment offered inadequate. Turay v. Seling, C91-0664RSM. Today the courts have gave up on the injunction since the passing of Honorable Judge Dwyer, but have said there "is no right answer and no good fix for the program". The program has again deteriorated and is unconstitutional and suffers from some or

Mr. Darnell McGary
P.O Box 88600
Steilacoom Wa
98388

1 most of the defects that haunt Coalinga in the California facility. See <u>Hydrick v. Hunter, 500</u>
2 F.3d 978 (C.A.9 (Cal.) 2007)

3 (6.2). Of further concern is what is the prosecutors role in advocating for the End of Sentence
4 Review committee. In <u>Fletcher v. Kalina,</u> the court recognized in determining immunity, we
5 must accept the Plaintiffs allegations as true. See <u>Buckley v. Fitzsimmons,</u> 509 US 259, 261, 113
6 S. Ct. 2606, 125 L.Ed.2d 209 (1993). Lynne Kalina, a deputy prosecutor, was assigned to work
7 on a case involving alleged theft of computer equipment form a private school in Seattle. She
8 prepared an application for an arrest warrant and an information charging Rodney Fletcher with
9 second degree burglary. The warrant application was accompanied by a "Certification for
10 Determination of Probable Cause," a sworn declaration describing the results of the police
11 investigation. Based on this document, which she signed, the court issued an arrest warrant for
12 Fletcher. The burglary charge was eventually dismissed when Fletcher's attorney discovered
13 inaccuracies in the Certification. <u>Id.</u> 93 F.3d 653 (C.A.9).

14

15 (6.3). Plaintiff argues in this civil rights complaint that the prosecutor performed the same action
16 as did Kalina and in this instance he acted as a witness and not a prosecutor when fabricating
17 evidence, and rubber stamping the evaluation done by the Department of Correction in a sworn
18 declaration prepared for securing an arrest warrant. In <u>Burns v. Reed</u> the court explicitly held
19 that when prosecutors perform administrative or investigative, rather than advocatory, functions
20 they do not receive absolute immunity. <u>Id.</u> 500 U.S 478, 494-96, 111 S. Ct. 1934, 1943-45, 114
21 L.Ed.2d (1991); the function performed in this case was as a witness and therefore absolute
22 immunity should not apply. Further, the Deputy has other involvement with the End of Sentence
23 Review Committee, and is continuously involved with the RCTT team, and had first hand
24 knowledge of the conditions of confinement Plaintiff was being subject to and is also therefore
25 liable. <u>Price v. Moody,</u> 677 F. 2d 676 (1982).

26

27 (6.4). Plaintiff argues as with DOC's policy in place at the Special Offender Center, the SCC
28 policy creates a liberty interest in Defendants summoning for involuntary treatment while the

Mr. Darnell McGary
P.O Box 88600
Steilacoom Wa
98388

patient is at the (SCTF). The SOC involuntary medication policy defines "gravely disabled and "presents a likelihood of serious harm to himself or others" identically to the statutory definitions unsed in RCW 71.05, the involuntary commitment statute. The SCC policy 862 may have created a protected liberty interest in itself. Roberts v. Spalding, 783 F.2d 867, 870 (9th Cir. 1986). In a similar case to Vitek v. Jones, we held on equal protection grounds that a prisoner was entitled to a judicial hearing before separately administered mental health facility, to be given psychiatric treatment that included ant psychotic drugs. Harmon v. McNutt, 91 Wn.2d 126, 587 P.2d 537 (1978); See also United States of America v. Williams, 356 F.3d 1045 (CA.9(Or) 2004). Plaintiff rest his complaint on these facts as to the fact that the medications that are or were taken by Plaintiff cause severe and permanent side-effects. And that SCC policy is unconstitutional per Washington v. Harper.

## VII. DECLARATORY AND INJUNCTIVE RELIEF

(7.1). This court has authority to grant relief pursuant to 28 U.S.C Sec. 2201, as an actual controversy exists regarding the rights, privileges, immunities to which the Plaintiff is entitled while previously detained and currently detained in the care, custody, and control of Department of Social and Health Services and Department of Corrections authorities and Defendants.

(7.2). Moreover, pursuant to 28 U.S.C Sec. 2202, this court has authority to grant injunctive and other necessary and proper relief.

## VIII. PRAYER FOR RELIEF

**WHEREFORE THIS COURT SHOULD,** provide the following relief to Plaintiff:

(8.1). Declaratory judgment that Defendants have violated the constitutional rights, protections and guarantees of Plaintiff under the United States Constitution:

(8.2). Injunctive Relief ordering Defendants to cease violating the laws and Constitution of the United States as it pertains to Plaintiff and those similarly situated at SCFT/SCC:

Mr. Darnell McGiary
P.O Box 88600
Steilacoom Wa
98388

(8.3). Compensatory damages, for Plaintiff for damages and injustices suffered:

(8.5). For such just and equitable relief as appropriate to correct the wrong[s] done Plaintiff:


and

(8.6). For such other and different relief the court deems just and appropriate.

I, Darnell McGary, the below signed, swear under penalty of perjury the foregoing document is true and correct to the best of my knowledge, and is sworn to in accordance with 28 U.S.C 1746

DATED this 14th day of May 2009

Respectfully Submitted

Mr. Darnell McGary
P.O Box 88600
Steilacoom Wa
98388